FILED
SUPERIOR COURT
OF GUAM

2018 JUN 11 AM 9: 52

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0218-13-01 |
| | ) | |
| v. | ) | |
| | ) | DECISION AND ORDER RE: |
| RAYMOND T. TEDTAOTAO, | ) | DEFENDANT'S MOTION FOR |
| DOB: 02/16/1969, | ) | REDUCTION OF SENTENCE |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |
| _____ | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon for Defendant Raymond T. Tedtaotao's ("Defendant") Motion for Reduction of Sentenced filed on March 8, 2018. Defendant is represented by Attorney Samuel Teker. The People filed no opposition to the Motion, however, the Court must nevertheless consider the merits of the Motion.[1]

On March 29, 2018, the Court took the matter under advisement, without oral argument, pursuant to CR 1.1(g) of the Local Rules of the Superior Court. Having reviewed the record and the relevant law, the Court now issues this Decision and Order DENYING Defendant's Motion for Reduction of Sentence. The sentence pronounced and imposed by the court on February 12, 2018, *nunc pro tunc* to sentencing date of August 8, 2016, remains unchanged.

## Factual and Procedural Background

The People filed an Indictment charging Defendant with Attempted Murder (as a First Degree Felony), First Degree Robbery (as a First Degree Felony), Aggravated Assault (as a Second Degree Felony), and Burglary (as a Second Degree Felony). (Amended Indictment, Nov.

---

[1] See *Petition of Quitugua v. Flores*, 2004 Guam 19, ¶ 27.

5, 2013). After a jury trial, the jury found Defendant guilty of all charges. Sentencing was held on May 21, 2014, and the Court imposed a sentence of fifty-five (55) years of imprisonment.[2] In 2015, Defendant appealed his conviction and sentence to the Supreme Court of Guam. In *People of Guam v. Tedtaotao* ("Tedtaotao I"), the Supreme Court of Guam affirmed Defendant's sentence. (2015 Guam 9). However, in *People of Guam v. Tedtaotao* ("Tedtaotao II"), the Supreme Court of Guam reversed Defendant's conviction for Attempted Murder. (2015 Guam 31).

On August 8, 2016, Defendant was resentenced to a total of forty-five (45) years of imprisonment.[3] In 2016, Defendant once again appealed his conviction to the Guam Supreme Court. In *People of Guam v. Tedtaotao* ("Tedtaotao III"), the Guam Supreme Court affirmed Defendant's conviction. (2017 Guam 12).

## Law and Analysis

A. Defendant's Motion Complies with the Procedural Requirements of Guam's Enabling Statute.

Defendant's Motion arises out of a statutory right in Guam Criminal Procedure Law, codified in 8 Guam Code Annotated ("GCA") § 120.46 (2005). When the movant makes no claim of legal error, in either the sentence itself or in the manner it was imposed, the statute sets forth both the procedural threshold for invocation and the nature of the substantive relief available:

> The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

[2] For Attempted Murder (as a First Degree Felony), Defendant was sentenced to twenty (20) years imprisonment; For First Degree Robbery (as a First Degree Felony), twenty-five (25) years imprisonment; Aggravated Assault (as a Second Degree Felony) was merged with the Attempted Murder sentence; and For Burglary (as a Second Degree Felony), ten (10) years of imprisonment. (Judgment, Jun. 30, 2014).

[3] For First Degree Robbery (as a First Degree Felony), Defendant was sentenced to twenty-five (25) years imprisonment; For Aggravated Assault (as a Second Degree Felony), ten (10) years of imprisonment; and For Burglary (as a Second Degree Felony), ten (10) years of imprisonment. (Judgment, Sept. 14, 2016).

8 GCA § 120.46.

. In this instance, Defendant has properly invoked his statutory right to request a reduction of his sentence by timely filing this Motion on March 8, 2018—one hundred one (101) days after the Supreme Court of Guam entered its Judgment affirming Defendant's convictions and sentence on November 27, 2017.

B. The Parallel Federal Provisions are Persuasive.

As there is no Guam case law squarely addressing motions to reduce sentence brought under 8 GCA § 120.46 and the Guam statute is identical to former Fed. R. Crim. Proc. 35(a) and the first sentence of (b), the court looks at persuasive Federal cases discussing the former Rule 35 in existence until November 1, 1987 when the current Rule 35 became effective through Pub. L. 98-473.

The Federal cases find that the purpose of a motion to reduce sentence under former Rule 35, as mirrored in the Guam statute, is to provide the trial court with discretion "to decide if, on further reflection, the original sentence now seems unduly harsh." *U.S. v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973). It is essentially a plea for leniency. *See U.S. v. Carrillo*, 947 F.2d 951 (9th Cir. 1991) (citing *U.S. v. Smith*, 650 F.3d 206, 208 (9th Cir. 1981) (quoting *Maynard, supra*)); *United States v. Thayer*, 857 F.2d 1358, 1360 (9th Cir. 1988) (a motion to reduce sentence is essentially a plea for leniency). When considering Defendant's proffered request for leniency, the court reviews his Motion for the presentation of redemptive facts not available at the time of sentencing or for compelling arguments, sufficiently persuasive for the court to reconsider and reweigh the factors evaluated at the Defendant's initial Sentencing Hearing.

Motions for reduction of sentence are addressed to the district court's discretion. *Flores v. United States* 238 F.2d 758, 760 (9th Cir. 1956). The rule does not require that court to hear oral argument or to hold a hearing. *United States v. Krueger*, 454 F.2d 1154, 1155 (9th Cir. 1972) (citing *Gilinsky v. United States*, 335 F.2d 914, 916-917) (9th Cir. 1964). Since this statute does

not require oral argument, the Court may use its discretion in denying Defendant's request pursuant to CR 1.1(g)(1).[4]

C. The Factor Cited do not Bear upon a Reduction of Sentence.

Defendant does not proffer any documentary evidence in support of his written motion, but assumes the Court will accommodate his request for oral argument. Defendant's written motion merely cites to the law and presents absolutely no redemptive facts for the Court to consider.

There is no argument that the sentence imposed on Defendant is illegal or unconstitutional. Defendant's motion is principally a request for leniency, without any assertions advanced in his moving papers that would support such a consideration. As such, the Court, in its discretion, denies Defendant's Motion for Reduction of Sentence.

## Conclusion

For the reasons discussed herein, the Court hereby DENIES DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE. The court does not find a sufficient legal or factual basis to reduce the sentence originally imposed. Accordingly, the Court's Judgment and the sentence memorialized therein is undisturbed.

No further hearings are scheduled.

SO ORDERED this _____ JUN 1 1 2018

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: C
CHAPGLC
&) S. TALEN
Date: 6/11/18 Time: 100

Deputy Clerk, Superior Court of Guam

---

[4] CR 1.1(g)(1) unequivocally provides: "Oral Argument Not Automatic. Oral argument may be denied at the discretion of the judge, except where oral argument is required by statute." (emphasis added).